UNITED STATES FEDERAL COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 FEB 17 P 1:00

STEPHEN C. BELLOWS,
    Plaintiff

Case No. 2:25-cv-390

CLERK

BY _____
DEPUTY CLERK

v.

GRAND ISLE COUNTY, VERMONT SHERIFF'S DEPARTMENT,
RAYMOND ALLEN, GRAND ISLE, VERMONT SHERIFF,
BRANDON ALLEN, FORMER CORPORAL GRAND ISLE SHERIFF'S DEPARTMENT
    Official and Individual Capacity,
BLAKE ALLEN, FORMER SERGEANT GRAND ISLE SHERIFF'S DEPARTMENT,
    Official and Individual Capacity, and
ERIC POCKETTE, FORMER DEPUTY SHERIFF GRAND ISLE SHERIFF'S DEPARTMENT,
    Official and Individual Capacity,
    Defendants

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Stephen C. Bellows, pro - se, and hereby files this Amended Complaint and in support states as follows:

### PARTIES

1. Stephen C. Bellows is an adult and a resident of Grand Isle, County of Grand Isle and State of Vermont.

2. The Grand Isle Sheriff's Department is a Vermont business entity and is under contract for services with the Town of Grand Isle, Vermont.

3. Raymond Allen is an adult, resident of South Hero, County of Grand Isle and State of Vermont. He is the Sheriff of the Grand Isle, Vermont Sheriff's Department.

4. Brandon Allen is an adult, resident of New York and is a former Corporal of the Grand Isle, Vermont Sheriff's Department.

5. Blake Allen is an adult, resident of South Hero, County of Grand Isle and State of Vermont. He is former Sergeant of the Grand Isle, Vermont Sheriff's Department.

6. Eric Pockette is an adult, resident of Grand Isle, County of Grand Isle and State of Vermont. He is a former Deputy Sheriff with the Grand Isle, Vermont Sheriff's Department.

## JURISDICTIONAL AND VENUE STATEMENT

This Honorable Court has jurisdiction because the incidents herein happened in Alburgh, Vermont and South Hero, Vermont and involve violations of our United States Constitutional Rights. This Honorable Court has supplemental jurisdiction of common law State claims for the State of Vermont.

Venue is proper in this District pursuant to 28 U.S.C. 1391 because all of the material acts and injuries occurred within Grand Isle County, State of Vermont.

## GENERAL AVERMENTS AND FACTUAL ALLEGATIONS

### November 22, 2023 - Post Office Incident

7. At all times relevant to this incident Defendants Blake Allen, Brandon Allen and Eric Pockette were physically present and each had personal involvement.

8. On November 22, 2023, at approximately 11:07 a.m., Plaintiff drove on U.S. Rte 2 to retrieve his mail from the South Hero Post Office.

9. Plaintiff turned to the right off Rte 2, pulled into the parking lot of the Post Office, exited his vehicle and walked toward the front door of the post office.

10. Within a few steps of the door entrance, Plaintiff heard a siren go off behind him,

immediately turned in the direction of the Sheriff's vehicle and momentarily stood still as he was ill and unsure who the siren was for.

**EXHIBIT - E**

11. At no time prior to turning into the parking lot and exiting his car, did Plaintiff see blue lights or hear a siren.

12. Defendant Pockette, whom had pulled in the Post Office parking lot, exited his car, stood behind the open door of the cruiser and yelled, "Hop back in the car for me man."

13. Defendant Pockette stated to Plaintiff he was getting pulled over and instructed Plaintiff to get back in his car and further stated, "We're not playing this."

14. Plaintiff approached his vehicle as instructed and at no time did Plaintiff turn his back to Defendant Pockette and walk away.

**Exhibit: F**

15. Defendant Pockette noticed a visible holster on Plaintiff's right side and forcefully grabbed Plaintiff's right shoulder, shoved his right hand against Plaintiff's chest, pressed Plaintiff against his vehicle, placed Plaintiff's hands behind his back, reached under Plaintiff's coat and removed Plaintiff's lawfully owned gun. Defendant Pockette conducted a pat down and kept Plaintiff unreasonably pressed against his vehicle for an additional 40 seconds with his hand pressed against Plaintiff's back.

**(Pockette Dash - cam at 1:38 - 2:59)**

**Exhibit: G - H**

16. Defendant Brandon Allen arrived on scene at 11:09 a.m., took the handgun from the roof of Plaintiff's vehicle, opened the firearm and manipulated the cylinder and placed it in

Defendant Pockette's vehicle.

**(Brandon Allen Body - cam at 11:09:37)**

**Exhibit: I**

17. Upon returning to where Plaintiff and Defendant Pockette were standing, next to Plaintiff's vehicle, Defendant Brandon Allen began antagonistic conversation with the Plaintiff, totally unrelated to the incident at hand.

18. Defendant Pockette asked Plaintiff if he had a driver's licence and Plaintiff responded, yes. Plaintiff attempted to open his vehicle's door in compliance to retrieve his license from the dash of his car yet was denied access by Defendant Brandon and Plaintiff pointed that his license was "right there" on the dash.

19. Defendant Brandon Allen reached inside Plaintiff's vehicle and handed Plaintiff's wallet to Defendant Pockette, who then dropped it in a puddle. Plaintiff's license was in the wallet at all times.

20. At this point, the Defendants were issuing contradictory commands, "get back in the car," (Plaintiff's vehicle), "sit on the bumper" (of Defendant Pockette's vehicle which was 15 feet away).

21. Defendant Blake Allen arrived at 11:12:00 a.m. at which time Defendant Pockette immediately misrepresented to him that Plaintiff "had walked away" from him and "wouldn't listen."

22. Defendant Pockette fabricated materially false statements and repeated them knowingly, willfully and with malice that Plaintiff got out of his vehicle at a traffic stop, walked away from Defendant Pockette (asserted twice) and that Plaintiff did not listen to Defendant

Pockette thereby contributing to the unreasonable prolongation of the seizure by fabrication.

**(Pockette Body - cam at 5:26 - 5:29 and 7:53)**

23. Plaintiff began to slowly turn around to retrieve his license off the hood of Defendant Pockette's vehicle for Defendant Blake Allen when Defendant Brandon Allen fiercely and aggressively grabbed Plaintiff's right upper arm, yanked Plaintiff towards him, forcefully grabbed Plaintiff's left shoulder, vigorously lifted him up and then forced him down onto the bumper of Defendant Pockette's vehicle.

**(Brandon Allen Body - cam 4:35 - 4:55) (Defendant Pockette Body - cam 5:11 - 5:30) (Defendant Blake Allen Body - cam 1:35 - 1:55)** (Pockette Dash - cam 5:50 - 6:10)

**Exhibits: J, K, L, M**

24. At no time did Defendant Blake Allen nor Defendant Pockette dutifully intervene, even verbally, to stop or mitigate the infliction of harm caused by Defendant Brandon Allen's use of excessive force and violation of Plaintiff's Constitutional rights although both were in direct proximity to, had an unobstructed view of, and had reasonable opportunity to do so.

25. Deputy Pockette returned to his vehicle and ran the serial - number from Plaintiff's firearm, which had to be opened and the cylinder manipulated to view the number, at 11:19:55 - having already run Plaintiff's license and registration.

**(Pockette Body - cam at 12:11 - 14:32)**

**Exhibit: N, O, P**

26. The majority of the remarks made by Defendant Blake Allen, Defendant Brandon Allen and Defendant Pockette were not related to the substance of the traffic stop but rather

were referencing a separate incident of September 26, 2023 wherein Plaintiff exercised his Fifth Amendment rights, which in turn led Defendant Pockette to call Defendant Brandon Allen for back - up. The traffic stop was concluded with no traffic tickets issued, no formal report filed and no hostility displayed by Plaintiff.

27. These unrelated, berating remarks of Defendant Brandon Allen, the remarks of Defendant Blake Allen (based on fabrication by Defendant Pockette) and the remarks of Defendant Pockette prolonged the entire encounter beyond reasonableness from 11:10:50 a.m. to 11:26:40 a.m. when Plaintiff was finally handed the tickets.

28. At no time during this incident did Plaintiff exhibit any behavior that would have led the Defendants to believe he was "armed and dangerous." At no time was there anything material present which would have given the Defendants reasonable articulable suspicion or probable cause to justify the gun check.

29. The traffic tickets were issued 18 minutes and 10 seconds after Defendant Pockette first spoke to Plaintiff and 15 minutes and 41 seconds after Plaintiff consented to Defendant Brandon Allen retrieving Plaintiff's license from the dash of his vehicle. Defendant Brandon Allen and Defendant Pockette each had the opportunity from 11:10:50 a.m. to 11:17:02 a.m. to run Plaintiff's license and neither ran the license yet used this time to exercise excessive force, assault, verbally abuse and berate Plaintiff.

30. Once Plaintiff realized he was the person for whom the siren was for, he complied at all times making the "force" used by Defendant Brandon Allen not only excessive, but unnecessary.

## FIRST CAUSE OF ACTION

## VIOLATION OF 4th AMENDMENT and ARTICLES 1 and 11 (Search and Seizure) UNITED STATES CONSTITUTION and VERMONT STATE CONSTITUTION UNREASONABLE LENGTH OF DETENTION - ILLEGAL SEIZURE

## RODRIGUEZ v. UNITED STATES, 575 U.S. 348 (2015)

31. Plaintiff incorporates and re - alleges the allegations in Paragraphs 1 - 6 and 7 - 30 as if fully stated and set forth herein.

32. Defendants Blake Allen, Brandon Allen and Eric Pockette without reasonable articulable suspicion, without probable cause and without warrant or any recognized exceptions thereto, or justifications or excuse, seized and prolonged the detention of Plaintiff as described herein beyond a reasonable time for the purpose of the initial alleged traffic stop. (inspection sticker).

33. The fabrication of events as relayed by Defendant Pockette, the running of the serial number of Plaintiff's firearm and the prolongation of the incident by force of Defendant Brandon Allen were in violation of Plaintiff's Constitutional Rights.

34. The right to be free from unreasonable detention was clearly established prior to this Incident. Rodriguez v. United States, 575 U.S. 348 (2015).

35. As a direct and proximate cause of such action of the Defendants, Plaintiff has suffered and is suffering flashbacks, depression, sleeplessness, loss of appetite, weight loss, nervous stomach and other emotional and physical disturbances.

## SECOND CAUSE OF ACTION
## EXCESSIVE USE OF FORCE DURING
## VIOLATION OF 4th AMENDMENT and ARTICLE 1 and 11 - ILLEGAL SEARCH AND SEIZURE
## UNITED STATES CONSTITUTION and VERMONT CONSTITUTION

### KETCHAM v. CITY OF MOUNT VERNON No. 20 - 14 (2d Cir. 2021)

36. Plaintiff incorporates and re - alleges the allegations in Paragraphs 1 - 6 and 7 - 30 as if fully stated and set forth herein.

37. Defendant Brandon Allen deprived Plaintiff of his clearly established Constitutional right to free from unreasonable seizure and the use of excessive force against one's person.

38. The amount of force used by Defendant Brandon Allen was excessive in consideration of the totality of the circumstances and Graham v. Connor, 490 U.S. 386 (1989).

39. The actions of Defendant Brandon Allen were intentional, willful, wanton, without good faith and in gross and reckless disregard of Plaintiff's Constitutional rights and in disregard of the consequences of Defendant's actions.

40. As a direct and proximate cause of such actions of the Defendant, Plaintiff has suffered and is suffering flashbacks, depression, sleeplessness, loss of appetite, weight loss, nervous stomach and other emotional and physical disturbances.

### THIRD CAUSE OF ACTION

### VIOLATION OF 4th AMENDMENT and ARTICLE 1 and 11 (Search and Seizure) UNITED STATES CONSTITUTION and VERMONT STATE CONSTITUTION ILLEGAL SEARCH AND SEIZURE

### ARIZONA v. HICKS, 480 U.S. 321 (1987)

41. Plaintiff incorporates and re - alleges the allegations in Paragraphs 1 - 6 and 7 - 30 as if fully stated and set forth herein.

42. The circumstances of the incident did not rise to the level of any occurrence which would

have led Defendant Pockette to have reasonable articulable suspicion or probable cause that a crime had occurred or that Plaintiff was armed and dangerous. Thus, <u>opening the firearm to manipulate the cylinder and the warrantless running of a serial number which was not in plain view, violated Plaintiff's Fourth Amendment right against illegal search and seizure.</u>

43. As a direct and proximate cause of such acts of the Defendant, Plaintiff has suffered and is suffering flashbacks, depression, sleeplessness, loss of appetite, loss of weight, nervous stomach and other emotional and physical disturbances.

## FOURTH CAUSE OF ACTION

## VERMONT STATE CLAIM
## CIVIL ASSAULT - CIVIL BATTERY

44. Plaintiff incorporates and re - alleges the allegations in Paragraphs 1 - 6 and 7 - 30 as if fully stated and set forth herein.

45. As a direct and proximate cause of the acts/omissions and demeanor of Defendant Pockette and Defendant Brandon Allen, Plaintiff experienced reasonable apprehension, contemplated and feared imminent harm and harmful and unwanted touching from named Defendants who had the ability and capability to inflict such harm.

46. The conduct of Defendant Brandon Allen and Defendant Pockette was not reasonably necessary and therefore not privileged.

**(Brandon Allen Body - cam at 4:35 - 4:55), (Pockette Body - cam at 5:11 - 5:30) and (Blake Allen Body - cam at 1:35 - 1:55) (Pockette Dash - cam 5:50 - 6:10)**

47. Plaintiff was touched by Defendant Pockette and Defendant Brandon Allen in a harmful and unwanted manner.

48. As a direct and proximate cause of the acts of Defendant Pockette and Defendant Brandon Allen, as alleged throughout this entire Complaint, Plaintiff was assaulted by named Defendants.

49. As a direct and proximate cause of the acts of Defendant Pockette and Defendant Brandon Allen, as alleged throughout this entire Complaint, Plaintiff was battered by named Defendants.

50. As a direct and proximate cause of such acts of the Defendants, Plaintiff has suffered and is suffering flashbacks, depression, sleeplessness, loss of appetite, loss of weight, nervous stomach and other emotional and physical disturbances.

## FIFTH CAUSE OF ACTION

## FAILURE TO INTERVENE

51. Plaintiff incorporates and re - alleges Paragraphs 1 - 6 and 7 - 30 as if fully stated and set forth herein.

52. Defendant Eric Pockette and Defendant Blake Allen were both present and on scene on November 22, 2023 as both bystanders and participants in the violations of Plaintiff's Constitutional Rights.

53. Defendant Pockette and Defendant Blake Allen were in direct proximity with unobstructed view of the excessive force inflicted by Defendant Brandon Allen upon Plaintiff.

54. Defendant Pockette and Defendant Blake Allen each had a reasonable and realistic opportunity to intervene and mitigate any harm to Plaintiff and stop the violation of his Constitutional Rights, even by a verbal shout out to stop.

55. Defendant Pockette and Defendant Blake Allen had a reasonable opportunity to realize the excessive nature and unconstitutionality of force used by Defendant Brandon Allen.

### Ketcham v. City of Mount Vernon, No. 20 - 14 (2d Cir, 2021)

56. Defendant Pockette and Defendant Blake Allen both failed to intervene and at no time did Defendant Pockette or Defendant Blake Allen take reasonable measures to protect Plaintiff from the physically abusive conduct and use of excessive force by Defendant Brandon Allen which was unconstitutional.

57. Any reasonable law enforcement officer in the position of Defendant Pockette or Defendant Blake Allen would have known that the force being used by Defendant Brandon Allen was unconstitutional.

58. Any reasonable law enforcement officer in the position of Defendant Pockette or Defendant Blake Allen would have known that they had a duty to take reasonable measures to prevent harm to the Plaintiff, even if a verbal shout out to stop.

59. As a direct and proximate cause of the inaction of Defendant Pockette and Defendant Blake Allen, Plaintiff has suffered and is suffering flashbacks, depression, sleeplessness, loss of appetite, loss of weight, nervous stomach and other emotional and physical disturbances.

For all times and for all actions of the Defendants referenced in the Complaint herein, the Defendants' actions were intentional, willful, wanton without good faith and in gross and

reckless disregard of Plaintiff's Constitutional rights and in disregard of the consequences of Defendants' actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A) Award damages from the Grand Isle, Vermont Sheriff's Department in excess of the jurisdictional minimum.

B) Award damages from Raymond Allen, official and personal capacity in excess of the jurisdictional minimum.

C) Award damages from Brandon Allen, Blake Allen and Eric Pockette in their official and personal capacities in excess of the jurisdictional minimum,

D) Award damages to include but not be limited to compensatory, special and punitive damages.

E) Award interests and costs

F) Plaintiff demands a TRIAL BY JURY, and

G) Grant such other and further relief as this Honorable Court deems equitable and just.

Authentication statement: I, Stephen C. Bellows, printed at Walmart all of these photos from the Body - cam footage I previously received from Grand isle Sheriff's Department.

Dated: 2/17/2026

/s/ Stephen C. Bellows
Stephen C. Bellows
P.O. Box 14
South Hero, Vermont 05486